IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANNA MARIE ROMERO,

        Plaintiff,

vs.                                                           Civ. No. 98-1528 JP/WWD

WALTER JARAMILLO, et al.,

        Defendants,

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses plaintiff's failure to comply with an order of the Court directing her to submit to an examination by a psychologist.

Background.

An independent psychological examination of plaintiff was scheduled before William F. Foote, Ph.D., for July 13, and July 21, 1999. Plaintiff indicated that it would be difficult for her to appear because of a new job, and a telephonic hearing between counsel and the Court followed. I entered an Order directing Plaintiff to appear for the psychological examination at 9:00 A.M. on August 10, 1999 and on August 11, 1999. Dr. Foote sent Plaintiff a confirming letter and a packet of materials which indicated the general nature of the examination, the duration of the examination, and the fact that the interviews would deal with personal and possibly sensitive information.

Plaintiff telephoned Dr. Foote's office and said she would be late on August 10, 1999, because she could not drop off her child before 9:30 A.M. She arrived at Foote's office at 10:40 A.M. The first test to be administered was the MMPI. When Plaintiff realized that she had taken the test previously when she was tested by Dr. Rodriguez in April, 1999, she refused to take it again for Dr. Foote. She completed a PAI test and then there was a break for lunch. Plaintiff returned from lunch late. The Wechsler test was then administered to Plaintiff; however, after she had completed 4 of the 12 parts of the test, she indicated that she had taken the test before and she refused to complete it. Plaintiff indicated that she would be late for the examination on August 11, 1999.

On August 11, 1999, Plaintiff arrived at Dr. Foote's office at 11:00 A.M., two hours late. Plaintiff said that she had child care issues that morning. Dr. Foote conducted an oral interview of Plaintiff from 11:00 A.M. until 12:15 P.M. when a lunch break was taken until 1:30 P.M. Plaintiff came back to Dr. Foote's office at 2:00 P.M. When the interview was recommenced, Dr. Foote began inquiry about additional stressors in Plaintiff's life. When Dr. Foote asked Plaintiff if her father were dead, Plaintiff responded that she did not know what that had to do with her claims of sexual harassment, and she refused to answer the question. Dr. Foote, who has only terminated two interviews out of the many he has conducted, terminated the interview. During the interview, Plaintiff was reading a copy of Newsweek. After the interview was terminated, Plaintiff telephoned her attorney. Dr. Foote did not attempt to reschedule Plaintiff's testing.

Discussion.

This matter came to my attention initially when the parties arranged a conference call with me. No motion had been filed seeking an Order directing an examination pursuant to Fed. R. Civ. P. 35(a). I do not know whether such a motion had been served on Plaintiff. Counsel apparently had agreed to such an examination and then Plaintiff was failing to appear at the scheduled examination. In those circumstances, and apparently without making a determination as to the "good cause" requirement of the rule, I ordered the examination for a specific time. No relief from or reconsideration of my Order was sought. In her complaint Plaintiff alleges the intentional infliction of emotional distress by defendants. She also claims to have suffered "severe emotional distress, mental anguish, indignation, wounded pride, shame, and despair". In the Initial Pre-Trial Report, Plaintiff indicates that she may call a psychologist as an expert witness. She apparently took a complete battery of psychological tests from a Dr. Rodriguez in April of 1999. Also in the Initial Pre-Trial Report, Defendants indicated that they may call an expert to rebut any expert called by Plaintiff. Given the information before me it seems likely that Plaintiff intended to call Dr. Rodriguez as a trial witness and that Defendants intended to call Dr. Foote. Plaintiff's conduct with Dr. Foote has effectively disabled Dr. Foote from testifying.

It would be unfair to allow Plaintiff to use an expert on her psychological condition when she has precluded effective rebuttal. Additionally, I must address Plaintiff's causing the Defendants to incur the expense for Dr. Foote's services and then acting in such a way as to manifest disrespect both for the Court as well as for the professional she was ordered to see.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff shall not be allowed to call an expert as to her mental, emotional or psychological condition at the trial of this Cause.

**IT IS FURTHER ORDERED** that on or before October 1, 1999, Plaintiff shall pay to Defendants as a partial reimbursement of the services of Dr. Foote the sum of $200.00**.**

_____
UNITED STATES MAGISTRATE JUDGE